Next case on today's docket is the case of William and Danita Loucks v. Red Dot Construction and Equipment Rentals and Kurt Schroeder and we have Arlena, Athena Johnson for the appellant and Mr. Michael McGlynn for the appellee and just for the record I know you heard this earlier but I'm here alone today due to unforeseen circumstances with the other two justices they have read the briefs and will hear the auditory tapes so with having said that you may proceed Ms. Johnson again my name is Athena Johnson I represent Red Dot and Kurt Schroeder who are the defendants and the appellants in this case the issue that we have before the court today is whether the Loucks lawsuit is properly brought in St. Clair County or whether the proper venue is Randolph County so it's strictly a venue issue here. Just quickly the lawsuit involves a motor vehicle accident where Mr. Loucks was driving his truck he was attempting to pass the Red Dot truck that was driven by Mr. Schroeder he realized he couldn't pass so he moved back into the lane behind the Red Dot truck at about the same time that the Red Dot truck was slowing down to make a right turn there was a rear end collision Mr. Loucks truck striking the Red Dot truck I think our arguments are all set forth in both briefs and in the supporting records that facts and evidence are all in the supporting records that have been provided by both parties here so I will try to keep my point as brief as possible although I'm sure you've probably heard that before I'll try to stay to the point and keep it brief so the defendants filed two motions to transfer venue the first was for improper venue as the courts well aware that's guided by section 2-101 so venue is proper under two circumstances one where the accident happened two where the defendants reside it's undisputed that the accident happened in Randolph County as the Supreme Court held in the Baltimore and Ohio Railroad case the venue statute is designed to ensure that the lawsuit is brought in a location that's either convenient to Red Dot and Schroeder because it's where the defendants reside or it's convenient to the potential witnesses which is where the transaction or in this case the accident occurred in this case as I mentioned the accident happened in Randolph County so we look at where the defendants reside it's undisputed that Mr. Schroeder resides in Randolph County so then we have to look at where does Red Dot reside so that's section 2-102 which says that corporations reside either where they have an office or where they do business in this case again it's undisputed Red Dot has its office in Randolph County it does not have an office in St. Clair County so the real issue here is whether or not Red Dot does business in St. Clair County that's the only basis for venue in St. Clair County again in the Baltimore and Ohio Railroad case and in subsequent cases the Supreme Court has defined doing business as a company conducting its usual and customary business in the county where venue is sought and when the court's looking at the activity that constitutes doing its usual business what the courts have said is that it must be of such a nature so as to localize the business and make it an operation within that county Mr. Schroeder was asked about his contacts in St. Clair County he said I remember back in the 90s my dad did some crane work back when my dad was alive we did some crane work out in Scott Air Force Base I know that I buy a part for my back home from a supplier in Belleville and probably my truck's drive through St. Clair County so those were his contacts with St. Clair County Mr. Schroeder testified very clearly in his deposition and if I can quote him he said if you're asking me if I do a lot of work in St. Clair County and my answer is I don't do any he was very clear I don't do any so he was asked specifically well have you done construction jobs in St. Clair from the six months from the accident to the present no time of the accident to the present no very clear cut on that when he was challenged on his affidavit before and I'm looking at excerpts granted they were excerpts but when he was asked about the extent of his business he said he'd have to talk to his bookkeeper and or accountant well I think if you again it is somewhat difficult to do to look at that by the excerpts but if you read the full context of that when he was being asked about was do you know the boundaries of St. Clair County and he testified no and to be honest as I stand here today I couldn't tell the court either what the boundaries of St. Clair County was it does say we're talking about the extent of it and my answer is no he was always very clear cut about the fact that he doesn't do construction jobs in St. Clair County in order to address that issue that was brought up in response to the bidding motions Mr. Schrager looked at a map and he filed a second affidavit and he said I've looked at a map I don't do work there I don't do construction jobs there the argument that I believe the locks are making now is well that affidavit is insufficient because he didn't say he checked with his bookkeeper well why did he say he would have to check with his bookkeeper and accountant then well again I think he was asked well would you have to check with your bookkeeper he said well yes I guess so but again he said but if you're asking me if I do construction projects in St. Clair County no I don't he did look at a map and say no I don't there were no requests for invoice documents to try and prove that he was wrong about the fact that that's where he works he's a small business owner he's the president he knows better I'm sure better than his bookkeeper where he does his construction projects your position is that it would only be his usual and customary business if he is actually doing a construction job physically at a site in St. Clair County that is my understanding of what the Supreme Court is telling us that it has to be the customary business just having contacts and I think the Gardner case it says the fact that you just purchased yeah I understand the law but you are then narrowing in this case customary and ordinary business would only be actual work construction work physically in that county it couldn't be anything related to the construction work in that county it would actually have to be just the actual job itself that's his customary business is construction work yes yes and again then by by extending that argument then you would have to say well then okay then he's proper in St. Clair County simply because he didn't put in his affidavit that he didn't that he checked with his bookkeeper and I think that there's plenty of evidence in his deposition testimony and in his affidavits that he doesn't do his customary construction business in St. Clair County he never said I don't know if I do any business in St. Clair County he said well yeah I you know I buy that part and to show his confusion too at one point he says well you know I get my electric bill from St. Clair so I mean he was trying to understand what doing business meant to him it was I know I don't do construction projects there but yeah I get my electric bill and at another point in his deposition he listed the counties where he knows does do work he went through a list of why I do work here here and here he listed a number of other counties but he was very clear cut that he doesn't do his construction work in St. Clair County so as to whether venue is proper we think that the evidence was clear that the accident happened in St. in excuse me Randolph County and the defendants both reside in Randolph County so venue is proper in Randolph County not in St. Clair County so we would ask that the trial court's decision denying that motion would be reversed and would be directed to transfer to Randolph County in the alternative the defendants have also filed a motion for forum non-convenience under that equitable doctrine and again in numerous cases including like the Skelgas case the forum non-convenience is a flexible doctrine that requires the court consider the total circumstances and not any one particular factor so we have the private and we have the public factors in this case the private factors all favor Randolph County the accident happened there so the premises to or the accident site if the jury needed to see it was Randolph County it was investigated by Randolph County Sheriff's Office so their documents would be in Randolph County a potential witness investigating officer would be there the other potential witnesses which would be the Laos Mr. Schrader and any Red Dot employees would also all be in Randolph County and because Red Dot's office there any documents related to for example the maintenance of the truck would be in Randolph County so all the private factors would weigh in favor of Randolph County as far as the public factors are concerned it seems much more reasonable that a Randolph County jury would have a greater interest in deciding about what happened with an accident in Randolph County involving Randolph County residents as opposed to a St. Clair County jury making that decision we acknowledge that one of the factors that the court has considered is the plaintiff's choice of forum and that is certainly an important factor but the courts have held that that has less deference when the plaintiffs don't choose their own home county as the forum the courts have said well it's not reasonable to think you've picked that the county you don't live in is the most reasonable there is simply no connection to St. Clair County other than the fact that that's where the Laos chose to file their lawsuit so what we would argue is that both the private and public factors weigh not only heavily but solely in favor of Randolph County and we would ask again that the court reverse the trial court in denying that motion and direct the court to transfer the case to Randolph County so I have nothing further thank you Ms. Johnson and you'll have the opportunity to rebut however thank you Mr. McGlynn thank you your honor at the outset I just want to point out that as you read the record with the judge what you can see is he just got worn out with what was going on with the way that the presentation was made by the defendant and I'd like to go through just procedurally a little bit just so that his comments will be then viewed a little bit easier in context first thing that happened is a conclusory motion is filed where he just says I don't do business in St. Clair County that I think would have been denied outright because it was just a conclusion however they kind of backed off of that and didn't present it at that time instead said okay well let's do a deposition so we did the deposition but when you read through the deposition in the testimony that the man gave which I'll get to more specifically a little bit later you can see where not only did I get confused and disappointed but also the judge ended up getting confused and disappointed by what was presented to him and then I'll come back to that in just a minute but then what happened was that the council filed a second affidavit and so now what you're talking about is well we know we haven't made the case so far we'll have to clear up what we haven't cleared up and in that second affidavit there was a conclusion in there too which the judge said I don't know what that means and I'll get to that in a minute and then what happens is we come to the appellate court and they omit in the record what the judge said and what the argument was on the part of the plaintiff and so I had to supplement the record because the record did not contain for example the judge's comments and what testimony the judge had relied upon so I had to supplement that in sum and I'll get back to specifics it was as if well you had three strikes at this thing and you're gone I don't know what the credibility of the president of the company is shot and the presentation is inadequate okay now specifically this is one where I do think that it's important to note that the trial court's factual findings are viewed deferentially and that his findings aren't going to be disturbed on review unless the findings are against the manifest way of the evidence now so specifically what he was asked as far as in his deposition okay so you say you don't do business explain that to me did you look at anything do you know where St. Clair County is do you know where your jobs are so on page four I say it's difficult for you to tell me exactly how much of your business you do there because you don't actually know the boundaries of St. Clair County is that fair to say that is fair to say yes now as far as did you look at anything before you signed the affidavit in terms of how much business you do in St. Clair County probably not no did you look at a map to see where St. Clair County border was no did you look at your invoices no who actually keeps your records do you have a bookkeeper or a comptroller at your business I have a bookkeeper yes and would the bookkeeper have some records as to where you're doing business oh I'm sure she does yes did you ask her at any time when you were presented with the affidavit no no do you know whether who's who's your do you have an accountant that works for your taxes yes is it fair to say that it's difficult for you to tell me whether you you've done any construction projects within St. Clair County because you actually don't know the boundaries of St. Clair County he said that's correct okay now at the outset what a judge is entitled to in this kind of a motion is some understandable presentation by the defendant as to what the circumstances and it's obvious that this guy was just reckless at the outset of doing business in St. Clair County he didn't know where it was he didn't he said actually control over some of the business information would be through the accountants through the accountant through the and through the the comptroller he said the accountant and I'm sorry accountant and I'm sorry I'll come back to that but I think at first everybody the point was judge this guy was reckless in the way that he filed his first affidavit and then it became apparent how reckless it was in the deposition so then they so then what happens is and I think obviously the judge was thinking the same thing but then they filed the second affidavit and the judge who was doing a diligent job and trying to invite counsel to clear it up said you know I'm reading that second affidavit this is I've got page six on my in my brief and then and then the court here's what judge releases it it says it says I can now confirm that at the time of this accident at issue in this lawsuit my company was not doing any work projects in St. Clair County that's different than whether they did it before after a day a week a month it's kind of nuanced that it would say I mean what does that tell me really okay now what the judge is trying to do is to invite some clarification because he thinks by now that and he knows by now that the affid plays very loose and free with what he's going to throw into an affidavit and so the court says I guess the problem is that I don't know I'm looking at what's before me and I can't discern whether you know I really can't I can't figure out what Mr. Schroeder is really saying and so then what the court is again trying to invite counsel to do is to clarify things and by now the court knows well wait a minute the guy did say he was going to have to consult his accountant and this is in the deposition this is before his second affidavit he's going to have to consult his accountant he's going to have to consult the bookkeeper I'm sorry that was what I was trying to think of earlier and he didn't do it so now he had a chance to do it he's had another yet another swing at the play he didn't consult the people he said he needed to and of course what you can do with a with an accountant is you can look where you where you are hiring subcontractors for example in your Senate of 1099s and you can you can see maybe what other tax records that you have and invoices that are coming in if you're paying for things and you're doing things or your guys are doing things he did not do that okay now if he had done that I think that the court would have been able to repose some more confidence in what he had to say in terms of the in terms of the second affidavit but he didn't do that and so again the court is again he's inviting counsel look I mean I've had a real tough time explaining this to me counsel couldn't and so he says the court on page 7 of my brief he's saying I'm always struggling I mean I'm looking at this and I just don't feel that I have enough evidence and I don't think that there's enough in the affidavit to tell me one way or the other which means that you don't meet your burden well to me regardless of whether or not he actually says I consulted my bookkeeper and accountant the judge was also concerned about the fact that he was just saying at the time of the accident right I was not doing business or have any work projects and that's unclear whether or not he could have been a month before or two months before and it was almost like catch me if you can because it's well is he really just saying something nuanced like yeah on that day I wasn't doing my work and that was the sort of thing that he wanted to have an explanation for that he didn't get the judge and he was throwing up his hands and saying I you know I'm I don't have enough here tell him I can't figure this out help me out and so the other thing though is then when it came to creating a record for here all of that was omitted for the record so it wouldn't have been clear to you what what was going on in the underlying court and so the problem with that is that all along the way it's just been yeah okay you're stating some conclusions but where are you coming up with that and every time we try to ask you where you're coming up with it it gets more and more confusing because either you're the the president is reckless in the way that he's acting I'm not doing anything I don't when I'm making I'm but I'm willing to make a conclusion under oath to a judge I'll make that I'll make that statement to the judge even though I can't back it up I think once twice and then when it couldn't be explained in the court room the third time I think the judge has said you know I've had enough now the other thing is when somebody is trying to meet their burden to say I have these witnesses and here's what they're going to testify to that's supposed to be given to the judge in in a in a an understandable way as well here are the witnesses here's what they're going to testify to instead of coming in the appellate court and saying who the witnesses would be about about maintenance of a of a truck or something that wasn't what was talked to the judge the judge didn't get that information before him in short what we really had here was they didn't make the presentation properly and they didn't make the presentation in a credible way and a trial judge and an appellate judge at some point can say if you at some if I sit here long enough and I cross-examine you counsel long enough and you go back and then bring me yet some more information for a mere guy who none of us understand I may be able to figure that out but by now you've you've it was your burden you didn't sustain it and and and so that's that's that and I think that is what this case is does a judge in particularly like in this Weaver case at some point does a judge have the right in one of these cases to say I don't think what you're saying meets the standards not credible you didn't bring me enough and and I'm going to deny your motion. And and again at the argument there was opportunity to to to bring up some of the things that were even said here that weren't there and you have to there's the trial judge is entitled to some deference on this and at some point wants to bring things to a conclusion and move on and just who did not have the confidence the the appropriate amount of. Of of of trust in terms of the of the affidavits and how how they had been researched by the president before he makes these statements under oath. So OK I can't I just don't know what you're saying. What about forum Mr. McGuire? Uh forum the same thing they did not present to the judge and you know as the as you read through this it's uh I don't have it up here and then oh OK so you're gonna deny the motions yeah. Uh he could have said well here's what here's what I do have. Here's what I do have. Here are the arguments that I'm going to make about how if they want to have this the records on on truck maintenance or whatever then they might have to travel down to uh to uh Randolph County to if they have to actually get inside a building and look at the records. OK well he could they could have gone into 12 if they wanted to whatever information they had to say to the judge that this forum is the right one. They didn't do it. I think what happened was and you can kind of get the sense from this that the that the that part of it had been eroded to the point where the judge said I'm not seeing it. And so now you got an invitation show me and it wasn't shown he said oh OK so you're gonna deny the motions. Yeah I'm gonna deny the motions. The presentation wasn't made and it's not for the plaintiff to make his presentation. I'm still confused about what the guy really meant and I don't think I can propose any trust in what the guy said. He's reckless with his affidavit. The judge is entitled to if somebody's gonna fill out an affidavit. President should be he should do some homework before he makes bald assertions that turn out not really to be accurate. And so in terms of the presentation he had the opportunity he had the opportunity to present all of these different factors that he wanted to in detail in affidavit form. Here's my witness. Here's what he's gonna testify to. Here's the evidence. Here's what here's why this is important and what why it's going to be a case made through that then he could have established his burden. You know I was just reading in Wright and Miller the other day when they were talking about transfers and what they're what they point out is it's not enough just to say I think he's your witness. He's gonna be a witness. That's not enough. You've got to say what what do you expect him to testify to and why is he important. And none of that was done. And so again this is a case where it is appropriate to give deference to the trial judge. He gave three struck he gave him three shots each time they missed the swing. I think that he was he was given up and then said show me what you got. And then he didn't get anything. It was OK so we're losing. Yeah. OK. Yeah. And so you have to make a credible presentation to the trial judge is entitled to that. If you don't then the trial judge is entitled to say you haven't met your burden. Can I ask you is there any connection with Sinclair County in this case. Well as far as the accident wasn't Randolph. My plaintiff is a resident of Randolph and the guy who's driving the truck was from Randolph. I think that the I think there was there was some pretty extensive medical treatment. And I for the he's deceased. Right. No. No. There was some pretty extensive medical treatment. And I'd like to say that I believe it was in Belleville. But I'm not going to make offhand I can supplement the record if you'd like. But I think that the medical treatment was through Belleville and or St. Louis. But I can't tell you with certitude right now. So I won't make a statement. So. OK. Thank you. OK. Thank you Mr. McGlynn. Do you have rebuttal. Just real quick. I think most of Mr. McGlynn's arguments are addressed in our brief and in the record. So I won't go into that in any great depth. I would take issue with the characterization of the judge as confused and disappointed or having a credibility issue. I don't think that that comes across in the transcript at all that the judge felt that either Mr. Simpkins or his client were not credible. I understand that Mr. McGlynn's argument is with the presentation. But I would point out that his presentation doesn't include, again, any contact to St. Clair County. As far as improper venue, that's a de novo review. If the court looks at all the deposition testimony and the affidavits, we believe that that shows that Red Dot does not do business, does not do its construction business in St. Clair County. There was no objection by Mr. McGlynn in terms of offering a second affidavit. So the court rightly considered that. Also, when you look at the transcript, I don't believe that the court, at least from my reading through it a number of times, I don't see where the trial for action made any findings in terms of which factors favor Randolph County versus St. Clair County. So I don't think that that is in the transcript. And the only other thing I would just like to clarify, if there's a suggestion that Mr. Simpkins or myself tried to misrepresent the record that we're using. Okay. I just want to make sure that that was certainly not our intent. Thank you. Thank you both for your briefs and arguments. We'll take the matter under advisement.